[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 01-1617

JERRY L. WEST,

Plaintiff, Appellant,

v.

DAVID F. MULLER, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

David J. Fine, with whom W. Mark McNair, Robert C. Schubert, Juden Justice Reed, and Schubert & Reed, LLP were on brief, for appellant.
James S. Dittmar, with whom Robert L. Kirby, Jr., William J. Connolly III, and Hutchins, Wheeler & Dittmar were on brief, for appellees Jeffrey A. Bernfield, Rajiv P. Bhatt, Kimberly A. Doney, John G. Frantzis, Peter E. Litman, Richard F. Miller, John A. Norris, Richard M. Traskos, and Summit Technology, Inc.
Timothy W. Mungovan, with whom Deborah L. Thaxter, John Pagliario, and Nixon Peabody LLP were on brief, for appellee David Muller.

March 19, 2002

**PER CURIAM.** Appellant Jerry West filed a derivative action on behalf of appellee Summit Technologies, Inc. ("Summit") in December, 1996, alleging misconduct by several of the corporations's officers and directors. Roughly four years later, Summit merged with Alcon Holdings, Inc., making Alcon the sole holder of Summit stock. Summit then moved to dismiss the action on the ground that West was no longer a shareholder, and therefore lacked standing to pursue his derivative claims. West conceded as much, but sought leave to file an amended complaint recasting his derivative claims as direct ones, and adding several new claims addressing the merger itself. The district court denied the motion without explanation and dismissed the suit.

West appealed, arguing that the district court erred in refusing to permit amendment. We entered an Order directing the district court to state its reasons for denying West's motion. In response, the district court explained that, given the history of the litigation, the amended complaint "was untimely and sought to engraft a totally new suit on the skeleton of a suit brought years previously." We review that decision for an abuse of discretion, Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995), and affirm.

This is not a case where the newly-asserted claims were in the case from the beginning but were not presented in a timely fashion. In such circumstances, the party seeking to amend its complaint may be barred from raising the new claims in subsequent litigation. See Johnson v. SCA Disposal Servs., Inc., 931 F.2d 970

(1st Cir. 1991) (holding that plaintiff was precluded from asserting in a second suit claims that were part of the same cause of action as claims adjudicated in an earlier action). Thus, the district court must weigh the possible <u>res judicata</u> effect of its ruling when deciding whether to permit amendment. <u>See</u> <u>id.</u> at 976 & n.19 (suggesting that district court may abuse its discretion in denying a motion to amend when the newly-asserted claims should have been raised in the original complaint, and so would be barred in any subsequent litigation); Fed. R. Civ. P. 15(a) (stating that leave to amend "shall be freely given when justice so requires").

Here, the claims set out in the proposed amended complaint were prompted by an event -- the merger -- that occurred long after West filed his original complaint. Following the merger, West requested permission to amend his complaint and substitute the new claims for the old. The district court rejected his entreaty, concluding that the new claims were too far removed from the original derivative claims to justify bringing them into the case so late in the day. That decision will not preclude West from asserting the merger-related claims in a new action. <u>See</u> <u>N. Assurance Co.</u> v. <u>Square D Co.</u>, 201 F.3d 84, 88 (2d Cir. 2000). Accordingly, we hold that the district court did not abuse its discretion in refusing to permit amendment.

**<u>Affirmed</u>**.